IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:11-1127-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Mark S. Yarborough, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the United States' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Defendant's pro se motion to dismiss and appoint counsel. For the reasons set forth below, the court grants the United States' motion for summary judgment and denies the Defendant's motions.

## I. Factual and Procedural Background

The Defendant allegedly executed a consolidation loan note with the United States Department of Education ("DOE") as guarantor on April 2, 2001. (Compl. Ex. 1 (Certificate of Indebtedness).) The DOE initiated efforts to collect the loan balance. According to the certificate of indebtedness, the total debt as of November 10, 2009, was $96,685.67 with interest accruing at the rate of $12.87 per day. (Id. Ex. 1 (Certificate of Indebtedness).) To date, the United States has not collected any of the loan balance owed by the Defendant. As of April 5, 2012, $107,959.79 was owed on the loan. The United States seeks to recover the following:

1. Principal and Interest in an amount to be established by the Court by adding per diem interest of Twelve and 87/100 ($12.87) Dollars for each day after April 5, 2012 to the principal and interest balance due of One Hundred Seven Thousand Nine Hundred Fifty-Nine and 79/100 ($107,959.79) Dollars.

1

  2. Costs of the action in the amount of Three Hundred Sixty-Five and no/100 ($365.00) Dollars.

  3. Reasonable attorneys fees as deemed appropriate by the Court.

(United States' Mem. Supp. Summ. J. 2-3.)

In his answer, the Defendant alleged that the signature on the relevant documents was a forgery and in his motion to dismiss, the Defendant seeks discharge of the loan alleging that he is disabled. (Ans. ¶ 4.) The United States filed a motion for summary judgment on April 6, 2012. A Roseboro order was issued on April 10, 2012, notifying the Defendant that he had 34 days to respond to the motion. The Defendant did not file a response to the motion for summary judgment. However, the Defendant filed a pro se motion to appoint counsel and a motion to dismiss on May 14, 2012. The United States responded to the Defendant's motions on June 1, 2012. These matters are now ripe for consideration.

## II. Discussion of the Law

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996). "[T]he mere existence of *some* alleged factual dispute between parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987).

The court held a status conference in this matter on March 20, 2012. At the status conference, the Defendant withdrew his claim that the signature on the relevant loan documents was a forgery. (Hr'g Tr. at 1-2.) Further, the Defendant has offered no evidence to challenge the United States' claim that he has failed to make payments on the loan. With respect to the Defendant's motion to dismiss, he alleges that the loan should be discharged because of disability. However, a review of the documentation provided by the Defendant indicates that he has earned wages in the past year and there is no evidence that he applied for discharge of the loan based on disability. Based on the foregoing, the United States' motion for summary judgment is granted and the Defendant's motion to dismiss is denied. Further, the Defendant's motion for appointment of counsel is denied as there is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir.1975). No exceptional circumstances exist in this case.

It is therefore

**ORDERED** that the United States' motion for summary judgment, docket number 38, is granted. The United States is awarded principal and interest due on the note in the amount of $108,873.56. The United States' request for attorney fees and costs is denied. It is further

**ORDERED** that the Defendant's pro se motion to dismiss, docket number 43, is denied. It is further

**ORDERED** that the Defendant's pro se motion to appoint counsel, docket number 42, is denied.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
June 15, 2012

### NOTICE OF RIGHT TO APPEAL

The Defendant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.